# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# DOCKET NO. 5:20-CR-00046-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| JONATHAN COREY DANIEL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se "Motion for Inquiry as to Status of Counsel," Doc. 290, filed May 13, 2021. Defendant states in his Motion that he wants to proceed pro se. The Court conducted a hearing in this matter on May 20, 2021. Defendant appeared with appointed counsel Chiege Okwara and Brandon Roseman.

The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self- representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

The Court engaged in a colloquy with Defendant to determine whether his decision to waive counsel was made knowingly, intelligently and voluntarily. The Court explained that the presiding judge and the Government cannot give Defendant any legal advice or assistance at trial

and that he must follow the same rules of evidence and procedure as an attorney practicing before this Court. Defendant responded that he understood these consequences of self-representation.

As a result of the Court's colloquy, the Court finds that Defendant is not under the influence of any alcohol or drugs. He is thirty-two years of age. He denied any physical or mental health issues. He is able to read and write. Defendant has completed a GED. Defendant understands his right to counsel and his right to self-representation. He understands the consequences of self-representation and the charges against him as well as the minimum and maximum penalties if he is convicted.

Defendant's answers to the Court's questions and his statements during the hearing indicate that he has made a clear and unequivocal as well as a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Finally, the Court finds that the request is timely. Therefore for the foregoing reasons, Defendant's Motion to represent himself is **GRANTED**.

The Court also addressed whether or not to appoint standby counsel. The Fourth Circuit has held that "[a]lthough a court may, in its discretion, allow attorney participation [as standby counsel], the Constitution does not mandate it." U.S. v. Stewart, 129 F. App'x 758, 765 (4th Cir. 2005) (quoting U.S. v. Singleton, 107 F.3d 1091, 1097 n.2, 1100 (4th Cir. 1997)). See also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984) ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel-even over the defendant's objection-to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of

his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense."). Given the totality of the circumstances and in an abundance of caution, the Court directs the Federal Defender to appoint standby counsel for Defendant.

The Clerk is directed to send copies of this Order to counsel for the Government, former defense counsel, standby counsel, the Defendant and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: May 24, 2021

David S. Cayer
United States Magistrate Judge